UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| TIMOTHY SHULTS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 4:13-CV-2326 CDP |
| | ) | |
| TROY STEELE, | ) | |
| | ) | |
| Respondent. | ) | |

## **MEMORANDUM AND ORDER**

Pending before me are a motion to appoint counsel and a renewed motion to appoint counsel filed by Petitioner Timothy Shults. I will deny Shults's motions for appointed counsel at this time because I believe that he is able to effectively present his arguments and manage his own case.

### **Appointment of Counsel**

There is no constitutional right to counsel in habeas corpus proceedings. *See Blair v. Armontrout*, 916 F.2d 1310, 1332 (8th Cir. 1990), *cert. denied*, 502 U.S. 825 (1991). Except when an evidentiary hearing is held, a district court may use its discretion in deciding whether to appoint counsel. *See Abdullah v. Norris*, 18 F.3d 571, 573 (8th Cir. 1994). Under 18 U.S.C. § 3006A(a)(2), a court may appoint counsel for a habeas petitioner if it "determines that the interests of justice so require." In making this determination, the Court considers several factors,

including (1) whether the plaintiff has presented non-frivolous allegations supporting his or her prayer for relief; (2) whether the plaintiff and the court will benefit from the appointment of counsel; (3) the pro se litigant's ability to investigate facts and present claims; and (4) the complexity of the factual and legal issues. *See Battle v. Armontrout,* 902 F.2d 701, 702 (8th Cir. 1990); *Abdullah*, 18 F.3d at 573.

After considering these factors, I believe Shults has demonstrated that he understands the issues in this case and that he is capable of presenting the facts and law related to his case. His pleadings are comprehensible and include references to both the state court record and the law upon which he relies. *See Glass v. Higgins*, 959 F.2d 88, 90 (8th Cir. 1992). I find that the facts and legal issues surrounding Shults's single ground for relief are not so complicated that the appointment of counsel is warranted. Neither Shults nor this court would substantially benefit from the appointment of counsel.

Accordingly,

**IT IS HEREBY ORDERED** that the petitioner's motion for appointment of counsel [#2] and renewed motion for appointment of counsel [#18] are denied.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 29th day of August, 2014.